IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wells Fargo Clearing Services, LLC )<br>d/b/a Wells Fargo Advisors, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>Walter G. Taylor, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. )<br>_____ ) | Civil Action No. 2:20-1103-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff's motion to confirm an arbitration award pursuant to § 9 the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review. On November 23, 2020, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Plaintiff's motion to confirm the arbitration award. Defendant Walter G. Taylor ("Defendant" or "Taylor") filed written objections to the Magistrate Judge's Report, and the matter is ripe for review.

**<u>STANDARDS OF REVIEW</u>**

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    Section 9 of the Federal Arbitration Act

Section 9 of the FAA provides that when parties agree in their arbitration agreement that a court will enter a judgment after the arbitrator's award, then a party to the arbitration may apply for an order confirming the award any time within one year after the arbitration award is made. 9 U.S.C. § 9. As the Magistrate Judge explained in her Report, "[i]t is well settled that a court's review of an arbitration award 'is among the narrowest known to the law.'" *U.S. ex rel. Coastal Roofing Co. v. P. Browne & Assocs., Inc.*, 771 F. Supp. 2d 576, 579 (D.S.C. 2010) (quoting *U.S. Postal Serv. v. Am. Postal Workers Union, ALF-CIO* 204 F.3d 523, 527 (4th Cir. 2000)). "[A] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Id.* (quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 2986)). When reviewing an arbitrator's decision, the court must "determine only whether the arbitrator did his job–not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (internal quotation marks omitted).

**DISCUSSION**

In her Report, the Magistrate Judge first determined that venue is appropriate in this Court, and Defendant Taylor agrees with this finding in his objections. (ECF No. 36 at 5.) After review, the Court agrees with the Magistrate Judge's analysis on this point and finds that venue is appropriate in the District of South Carolina under the FAA's special venue statute and the general venue statute, as well as under 28 U.S.C. § 1391(b)(1).

In her Report, the Magistrate Judge next found that Taylor has not established any ground for vacatur of the arbitration award. Specifically, the Magistrate Judge found that Taylor failed to establish that any of his general grievances warrant vacatur. For example, the Magistrate Judge explained that despite Taylor's claim that he was not granted the right to file a counterclaim, the record shows that Taylor filed an answer, and under the applicable rules, an answer may include any counterclaims. Thus, the Magistrate Judge determined that Taylor offered no evidence to show that he was prevented from filing a counterclaim. Likewise, with respect to Taylor's complaint that he was told there would be a panel of three arbitrators rather than a single arbitrator, the Magistrate Judge explained that FINRA Rule 13806(b)(1) provides for a single arbitrator when there is no counterclaim. As to Taylor's argument that he did not sign the submission agreement because he did not believe he would be granted due process, the Magistrate Judge found no merit to any claim that Taylor's signature on the agreement was forged. Ultimately, after reviewing the record, the Magistrate Judge determined that the arbitrator did his job and recommended that the Court affirm the award.

In his objections, Taylor reiterates many of the same general grievances he previously raised, but he again offers no evidence sufficient to establish that these general

3

grievances provide grounds for vacatur. First, Taylor claims that he "did file a counterclaim, however the arbitrator did not give me that right." (ECF No. 36 at 2.) Next, Taylor claims that he was taken advantage of and that he was bullied into signing the submission agreement against his will. (*Id.*) Taylor also complains about the legal standard of review that this Court must apply in considering whether to affirm an arbitration award. (*Id.* at 3.) Taylor next asserts that the award was procured by corruption and fraud but includes no factual allegations in support of that assertion. (*Id.* at 4.) He also claims that the arbitrator was guilty of misconduct by refusing to postpone the hearing and that the arbitrator exceeded his powers, but he includes no further explanation of these claims. (*Id.*) Again, without providing any additional information, Taylor simply claims that the arbitrator "disregarded a clearly defined law or legal principle to the case before them [sic]." (*Id.*) And Taylor asserts that there was no factual or reasonable basis for the arbitrator's award. (*Id.* at 6.) Taylor again claims that he was not afforded the right to file a counterclaim, and he claims that there are circumstances that justify his refusal to pay the outstanding portion of the loan or promissory note. (*Id.*)

The Court has thoroughly reviewed Taylor's objections in connection with the record as a whole and finds them without merit. As the Magistrate Judge explained, the Fourth Circuit has made clear "that under the FAA, a court 'must' confirm an arbitration award 'unless' a party to the arbitration demonstrates that the award should be vacated under one of [§ 10's] four enumerated grounds," *Jones v. Dancel*, 792 F.3d 395, 401 (4th Cir. 2015) (quoting *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)), or because the arbitrator manifestly disregarded the law." *Id.* (citing *Wachovia Sec. LLC*, 671 F.3d at 483). Here, although Taylor asserts that the arbitration award was procured by corruption and

fraud, he offers no evidence to support this assertion. Likewise, with regard to his claim that the arbitrator disregarded the law, nowhere does Taylor point to any law the arbitrator disregarded. Taylor admits that the arbitrator did not forge his signature, and although Taylor claims he was prevented from filing a counterclaim, the record indicates that he filed an answer, and the law clearly permits any counterclaims to be raised in an answer, so Taylor's assertion lacks merit. After review, the Court wholly agrees with the Magistrate Judge that all of Taylor's general, unsupported grievances fail to establish sufficient grounds for vacatur of the award. Stated more specifically, the Court agrees with the Magistrate Judge that there is no evidence (1) that the arbitration award was procured by corruption, fraud, or undue means; (2) of evidence partiality or corruption in the arbitrator; (3) of arbitrator misconduct; (4) that the arbitrator exceeded his powers; or (5) of manifest disregard for the law. 9 U.S.C. § 10(a). Accordingly, the Court finds that Taylor has not demonstrated that the arbitration award should be vacated.

## CONCLUSION

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 30) is adopted and specifically incorporated herein; Taylor's objections (ECF No. 36) are overruled; and Plaintiff's motion to confirm the arbitration award (ECF No. 1) is granted.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

February 1, 2021
Charleston, South Carolina